UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      **CENTRAL DIVISION at LEXINGTON**


LAURA N. KELTY,                    )
                                   )
     Plaintiff,                    )   Action No. 5:12-cv-119-JMH
                                   )
v.                                 )
                                   )
TOYOTA MOTOR MANUFACTURING,        )   **MEMORANDUM OPINION AND ORDER**
KENTUCKY INC.,                     )
                                   )
     Defendant.                    )


                    **    **    **    **    **


     This matter is before the Court upon the "Agreed Protective Order" tendered by the parties. [DE 8]. While the Court finds that the tendered order is largely acceptable, it is partially overbroad in that it fails include mechanics necessary to account for all interests – including the public interest – implicated by such relief. Accordingly, the Court rejects the tendered document without prejudice and invites the parties to tender a revised agreed order consistent with the guidance provided in this Order.

     As guidance in drafting a revised order, counsel should be sensitive to the following principles:

1.   The Court generally will accept an agreed umbrella order, supported by stated good cause, that reasonably restricts

use, circulation, and disclosure of designated materials exchanged in and in the context of discovery. The tendered order is acceptable in that regard.

2. Such an umbrella order cannot legitimately pre-authorize the *sealing* of substantive court filings. Unlike discovery materials, items actually filed in the Court's record and considered substantively by the Court may be cloaked from public view only upon an individualized showing of good cause by the party seeking to seal the particular item (and a particularized finding by the Court). Thus, ¶ 2(d) of the tendered order is objectionable. The parties should construct a mechanism by which a filing party gives notice, as applicable, of its proposed use of any "protected" information, to permit any other party to seek court guidance or intervention regarding whether a substantive filing should (and can) be sealed in whole or part.[1]

---

[1] As stated in *Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002):

> Secrecy is fine at the discovery stage, before the material enters the judicial record. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. *See, e.g., Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation,* 732 F.2d 1032 (7th Cir. 1984).

*See also Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996)(discussing tradition of "public access to court proceedings" and

3.  Because of the provisional nature of an agreed protective order, an umbrella order must further provide the following:

    a.  The Court may modify the order upon prior notice and adequate cause. Further, the parties' "protected" designation is preliminary and is not a judicial determination that any particular item is, in fact, protected from disclosure in the event of a challenge.

    b.  In addition to containing a mechanism for a **party** to challenge an opponent's designation of material as "protected," the order further must acknowledge that a **non-party** may seek permission to intervene to challenge the terms of or operation of the order, or that a producing third-party also may challenge the order.[2]

4.  The parties must revise the tendered order to cure the noted deficits.

Accordingly, the parties' construed motion for entry of their agreed protective order [DE 8] is **DENIED WITHOUT PREJUDICE.**

---

standards for restrictions); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304 (11th Cir. 2001).

[2] The Court refers the parties to the *Manual for Complex Litigation,* (Fourth) § 11.432 (Federal Judicial Center 2004), which helpfully discusses confidentiality and the use of an umbrella confidentiality order.

3

This the 24th day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4